**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDRE COMBO**<br>**9895 Whiskey Run**<br>**Laurel, MD 20723**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**VIACOM INC.,**<br>**a Delaware Corporation**<br>**1515 Broadway**<br>**New York, NY 10036**<br><br>  **Defendant.** | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:06CV00226<br>)<br>)  Judge Ellen Huvelle<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT VIACOM INC.

Defendant Viacom Inc. ("Viacom"), by and through its attorneys, files its Answer and Defenses to the Complaint filed by Plaintiff Andre Combo as follows:

In Response to the "COMES NOW" paragraph in the Complaint, Defendant admits that Plaintiff purports to present this Complaint against Viacom to enforce his rights under the District of Columbia Human Rights Act and the common laws of the District of Columbia, but denies that facts exist that would entitle Plaintiff to judgment against Defendant on such claims.

## JURISDICTION

1. In response to Paragraph 1 of the Complaint, Defendant, upon information and belief, admits that Plaintiff is a citizen of the state of Maryland. Defendant further admits that it is a corporation chartered in the state of Delaware, and that Plaintiff and Defendant are citizens of different states. Defendant admits that Plaintiff is seeking $1,000,000.00, but denies that facts exist to obtain the relief sought. The remaining allegations in Paragraph 1 of the Complaint assert legal conclusions to

which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

## STATEMENT OF FACTS

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies such allegations.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff was required to sign its Business Conduct Statement. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies such allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies such allegations.

13. In response to Paragraph 13 of the Complaint, Defendant denies that it awarded 500 shares of its Class B Common Stock to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and therefore denies such allegations.

14. In response to Paragraph 14 of the Complaint, Defendant avers that Plaintiff called Viacom's "Openline," a voice message system provided by Defendant to receive business conduct complaints, to complain about Marcus A. Smith. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies such allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies such allegations.

17. In response to Paragraph 17 of the Complaint, Defendant avers that on or about January 28, 2005, Betty A. Panarella, Defendant's Senior Vice President, Human Resources, contacted Plaintiff regarding his complaint. Defendant further avers that Panarella asked Plaintiff whether he would like her to contact Quinton Bowman regarding the Complaint, and Plaintiff agreed. Defendant further avers

that Panarella later informed Plaintiff that Donna Cooper was going to handle his complaint against Marcus Smith. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies such allegations.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies such allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies such allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies such allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies such allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies such allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies such allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies such allegations.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies such allegations.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies such allegations.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies such allegations.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies such allegations.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies such allegations.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies such allegations, and therefore denies such allegations.

32. Defendant denies that it informed Plaintiff that it would terminate his employment. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore denies such allegations.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies such allegations.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies such allegations.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies such allegations.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies such allegations.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.11

37. Defendant incorporates by reference its responses to Paragraphs 1 through 36 above.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies such allegations.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

## COUNT II

## DEFAMATION

43. Defendant incorporates by reference its responses to Paragraphs 1 through 42 above.

44. The allegations in Paragraph 44 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies such allegations.

46. The allegations in Paragraph 46 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

## RELIEF SOUGHT

47. Defendant incorporates by reference its responses to Paragraphs 1 through 46 above.

48. In response to Paragraph 48 of Plaintiff's Complaint, Defendant admits Plaintiff purports to request relief in his Complaint, but denies that Plaintiff is entitled to any of the relief requested.

49. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 49 of the Complaint.

50. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 50 of the Complaint.

51. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 51 of the Complaint.

52. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 52 of the Complaint.

## **JURY DEMAND**

53. In Response to Paragraph 53 of the Complaint, Defendant admits that Plaintiff demands a jury trial. Whether a trial by jury is available to Plaintiff is a legal conclusion to which no responsive pleading is required.

Defendant denies every allegation, whether express or implied, that is not unequivocally or specifically admitted in the Answer. Defendant further denies that Plaintiff is entitled to any of the relief requested in his Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted under the D.C. Human Rights Act, D.C. Code Ann. § 2-1402.11 because Viacom is not Plaintiff's employer.

2. Plaintiff otherwise fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to join a necessary party under Fed. R. Civ. P. 19.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff has failed to timely and properly exhaust all administrative remedies.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

7. To the extent Plaintiff is found to have suffered harm, no such harm occurred as a result of conduct on the part of Defendant.

8. Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive damages.

9. Because Defendant did not discriminate against Plaintiff based on his gender, and did not otherwise harm Plaintiff, Plaintiff is not entitled to any compensatory

damages, punitive damages, pre- and post-judgment interest, the costs of litigation, including reasonable attorney's fees and expert witness fees, or any other such relief.

10. Plaintiff's defamation claims are barred because the allegedly defamatory statements are true.

11. Plaintiff's defamation claims are barred because there was no publication to a third party.

12. The allegedly defamatory statements made by Defendant are covered by privilege, including but not limited to the common interest privilege, which bars Plaintiff's claims.

13. Plaintiff has failed to allege any willful or intentional conduct that would support a finding of punitive damages.

14. To the extent Plaintiff is found to have incurred any damages, he has failed to mitigate damages in whole or in part.

15. Defendant reserves the right to assert additional affirmative defenses as may be discovered during the course of this litigation.

Date: March 20, 2006                           Respectfully submitted,

                                    _____/s/_____
                                    Grace E. Speights (D.C. Bar # 392091)
                                    Ray E. Donahue (D.C. Bar # 482930)
                                    Morgan, Lewis & Bockius LLP
                                    1111 Pennsylvania Avenue, N.W.
                                    Washington, D.C. 20004
                                    (202) 739-3000

                                    Attorneys for Defendant Viacom Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of March, 2006, a copy of the foregoing Answer was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, MD 20772

>_____/s/_____
>Ray E. Donahue