IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**ANDRE COMBO,**                         :
:
      Plaintiff,                     :
:
v.                                       :    Case No.: 1:06-cv-00226-ESH
:
**VIACOM, INC.,**                        :
:
      Defendant.                     :
_____:

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter submit this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

**I.     STATEMENT OF THE CASE**

Plaintiff is employed by Defendant's subsidiary, Black Entertainment Television ("BET"). Plaintiff alleges that he has suffered a material change in the conditions of his employment based upon discrimination. Plaintiff received superior appraisals. Plaintiff also alleges that concurrent with this change in job status, other BET employees not in his protected class received different treatment.

Defendant states that Plaintiff has brought this claim against the wrong party. Although Plaintiff concedes that he was employed by BET, Plaintiff has named Viacom, Inc. as the Defendant. Plaintiff's claim of discrimination cannot be brought against Viacom, Inc., who is not Plaintiff's employer.

**II.     RULE 16.3 REPORT**

1. <u>Status of Dispositive Motions</u>:  Plaintiff does not believe that this action may be resolved by dispositive motion following discovery.  Defendant believes that this action may be dismissed through a Motion for Summary Judgment following discovery.  In addition, as Defendant believes that Plaintiff has failed to join an indispensable party, Defendant is considering filing a Rule 19 motion and may do so after the exchange of initial disclosures or some minimal discovery.

2. <u>Amended Pleadings</u>:  Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings.  Defendant states that Plaintiff's employer, BET, is a necessary party to this action.

3. <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>:  Plaintiff believes that mediation may prove fruitful in this matter.  Because it is not a proper party to this litigation, Defendant does not believe there is a realistic possibility of settlement.

5. <u>Alternative Dispute Procedures</u>:  Plaintiff believes that alternative dispute resolution in the form of mediation may prove fruitful in this matter.  Plaintiff does not seek a neutral evaluation of his claims at this time.  Because it is not a proper party to this litigation, Defendant does not believe this case would benefit from the Court's ADR procedures.

6. <u>Dispositive Motions</u>:  The parties believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The parties agree that they should provide initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

8. <u>Discovery</u>.  The parties request 180 days to complete discovery.  The Plaintiff believes the parties should limit the number of interrogatories to 30 per side.  The Defendant believes the parties should limit the number of interrogatories to 25 per side.  The parties agree to limit the number of depositions to 10 per side.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name his experts and provide the Expert Report(s) within sixty (60) days following the initial scheduling conference and believes the Defendant should name its experts and provide the Expert Report(s) within thirty (30) days thereafter.  The Defendant believes it should name its experts and provide the Expert Report(s) sixty (60) days thereafter, or after Plaintiff's experts are deposed.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not believe that bifurcation of this matter is necessary.  However, to the extent Plaintiff seeks punitive damages at trial, Defendant reserves the right to request bifurcation of that issue at trial.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that a pretrial conference should be scheduled at the initial scheduling conference.

13. <u>Trial Date</u>: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

The parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR 16.3(c) were addressed.

          Respectfully submitted,

_____
Jimmy A. Bell, Esq. (Bar No. MD 14639)
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
(301) 599-7620
(301) 599-7623 (Fax)
jimbellesq@aol.com
Counsel for Plaintiff


_____
Grace E. Speights (Bar No. 392091)
John S. Ferrer (Bar No. 489679)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
(202) 739-5189/5317
(202) 739-3001 (fax)
gspeights@morganlewis.com
jferrer@morganlewis.com
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    :
**ANDRE COMBO,**                    :
                                    :
    Plaintiff,            :
                                    :
v.                                  :    Case No.: 1:06-cv-00226-ESH
                                    :
**VIACOM, INC.,**                   :
                                    :
    Defendant.            :
_____:

### **INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that the parties shall be allowed a discovery period of 180 days from the date of the initial scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 60 days after the close of discovery, any opposition thereto shall be filed no later than 45 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), as modified.  Plaintiff will name experts and provide their reports within 60 days of the initial scheduling order.  The Defendant will name experts and provide their reports 60 days thereafter.

Date_____          _____
                                                          United States District Judge