IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00226 (ESH) |
| ) | |
| VIACOM INC. ) | |
| ) | |
| Defendant. ) | |

## VIACOM INC.'S MOTION FOR A PROTECTIVE ORDER

Defendant Viacom Inc. ("Viacom"), by and through its attorneys, hereby moves for a protective order pursuant to Federal Rules of Civil Procedure 26(c). Specifically, Viacom requests that Plaintiff Andre Combo ("Plaintiff") be precluded from deposing a corporate designee (or designees) on the topics set forth in Plaintiff's Rule 30(b)(6) Notices of Deposition served November 29, 2006, and from improperly seeking the production of documents. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Date: December 5, 2006                Respectfully submitted,

                                      /s/
                                      Grace E. Speights (D.C. Bar No. 392091)
                                      John S. Ferrer (D.C. Bar No. 489679)
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      1111 Pennsylvania Avenue, NW
                                      Washington, DC 20004
                                      202-739-3000
                                      202-739-3001 (facsimile)
                                      *Attorneys for Defendant Viacom Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDRE COMBO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00226 (ESH) |
| ) | |
| **VIACOM INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Upon consideration of Viacom Inc.'s Motion for Protective Order and the Memorandum in Support thereof:

IT IS ORDERED this __ day of December, 2006 that Viacom's Motion for Protective Order is GRANTED and that Viacom shall not be required to produce Rule 30(b)(6) witnesses to testify nor be required to produce the documents requested in the Notice of Deposition.

IT IS FURTHER ORDERED that Plaintiff pay Viacom its reasonable attorneys' fees and all other costs associated with preparing and seeking this Motion.

So Ordered this _____ day of December, 2006.

_____
Ellen Segal Huvelle
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDRE COMBO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00226 (ESH) |
| ) | |
| VIACOM INC. ) | |
| ) | |
| Defendant. ) | |

## VIACOM INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Defendant Viacom Inc. ("Viacom"), by and through its attorneys, hereby moves for a protective order pursuant to Federal Rules of Civil Procedure 26(c). Specifically, Viacom requests that Plaintiff Andre Combo ("Plaintiff") be precluded from deposing a corporate designee (or designees) on the topics set forth in Plaintiff's Rule 30(b)(6) Notices of Deposition served November 29, 2006, and from improperly seeking the production of documents.

### BACKGROUND

Plaintiff filed this sex discrimination and defamation case in connection with his employment with Black Entertainment Television ("BET"). Plaintiff, however, neglected to sue BET, and instead chose to pursue his claims against Viacom, BET's parent company. Viacom has notified Plaintiff on several occasions that Viacom is not the proper named defendant in this case. Viacom was not involved in any decisions involving Plaintiff's employment or termination. BET, an independently operated company, employed Plaintiff, managed Plaintiff, and chose to terminate him. The named defendant was not involved in any decisions or actions

related to Plaintiff's termination or any claims made in Plaintiff's Complaint. Despite this knowledge, Plaintiff has insisted on pursuing this case against the wrong defendant.

On November 29, 2006, Plaintiff served three Rule 30(b)(6) Notices of Deposition upon Viacom, listing the following topics on which examination was requested:

1. the termination of Andre Combo;

2. any legitimate non-discriminatory reasons why Andre Combo was terminated; and

3. whether any persons were similarly situated to Andre Combo.

(*See* Ex. A). Further, Plaintiff issued a fourth Notice of Deposition to "take the deposition under oath of the duly designated corporate representative of Defendant Viacom Inc. able to provide any and all document(s) in Defendant's possession regarding the termination of Andre Combo pursuant to Fed. R. Civ. P. 30(b)(6)." *Id.* The November 29th Notices requested that Viacom produce a corporate designee(s) to provide testimony on these topics and the requested documents on December 6, 2006, the last day of discovery.[1]

Viacom cannot provide a corporate designee to testify to these matters because it does not possess direct knowledge about BET's employment actions. In its Initial Disclosures, Viacom notified Plaintiff that the only individual at Viacom with any knowledge about any of Plaintiff's claims is Betty Panarella, Senior Vice President of Employee Relations for Viacom. Ms. Panarella investigated a complaint that Plaintiff made on Viacom's employee hotline about comments made about him by co-workers. She, however, was not involved in Plaintiff's termination nor was she aware of the reasons behind his termination by BET. Viacom, therefore, cannot comply with Plaintiff's Notices of Deposition.

---

[1] The Parties agreed, and on November 30, 2006, the Court ordered, that the discovery deadline be extended until January 5, 2007 for the purpose of allowing Viacom adequate time to depose Plaintiff.

In an effort to resolve this discovery dispute without the Court's intervention, Viacom conveyed its specific objections to the Notices of Deposition in a letter sent December 1, 2006. (*See* Ex. B). Plaintiff, however, refused to withdraw the Notices or respond to Viacom's specific objections. Viacom now brings this motion before the Court.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) permits the Court, "for good cause shown", to "make any order which justice requires to protect a party . . . from annoyance, . . . oppression, or undue burden. Here, good cause exists to issue a protective order to prevent a Rule 30(b)(6) deposition from being taken because: 1) the Notices of Depositions are facially invalid; 2) Viacom has no direct knowledge about the requested subject matter; and 3) Viacom does not have any relevant testimony to provide.

**A. Plaintiff's Notices of Deposition are Invalid Because Plaintiff Failed to Allow Reasonable Time for Compliance and is Improperly Seeking the Production of Documents.**

On its face, Plaintiff's Notices of Deposition are invalid because they fail to comply with the local and federal rules upon which Plaintiff relies to require a corporate designee. Plaintiff served the Notices at issue via facsimile on November 29, 2006.[2] The Notices command Viacom to produce a 30(b)(6) witness (or witnesses) to testify on December 6, 2006, which was the last available date of discovery under the Court's initial Scheduling Order. Federal Rule 30(b)(1) states that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to take the deposition." Local Rule 30.1 defines reasonable notice as service of the notice of deposition five days *in advance* of the date set for taking the deposition. Five days *advance* notice means five business days (i.e.,

---

[2] Plaintiff's counsel faxed a copy of the deposition subpoena to Viacom's counsel on November 29, 2006. Faxing a subpoena to Viacom's counsel does not constitute service as required by Rule 45(b).

excluding intermediate weekends and holidays per Fed. R. Civ. P. 6). Plaintiff noticed the deposition for the fifth day *after* service. It is therefore not reasonable for Viacom to be expected to produce a corporate designee, even if it had a qualified witness to designate, on such short notice. Thus, a protective order should issue to prevent the enforcement of the untimely Notices of Deposition.

Moreover, the fourth Notice of Deposition, seeking documents related to Plaintiff's termination, is invalid because Plaintiff cannot use Rule 30(b)(6) as a means of obtaining discovery documents. A notice of deposition "may be *accompanied* by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. . . [however, the] *procedures of Rule 34 shall apply to the request.*" Rule 30(b)(5) (emphasis added). Rule 34 requires that a request for production of documents describe the documents sought with particularity and commands that the served party be given thirty days in which to respond. Here, Plaintiff's request for documents did not accompany the Notice of Deposition, but instead, Plaintiff is seeking to obtain documents through the Notice itself. The Notice, in an overly broad and vague manner, seeks any and all documents related to Plaintiff's termination, as opposed to describing specific documents with particularity. Further, the Notice is invalid because it requests the documents to be produced in just five days – far short of the thirty days allowed for production. Plaintiff cannot use Rule 30(b)(6) to compensate for his failure to timely serve a request for the production of documents; thus requiring a protective order to be issued.

**B. Viacom Cannot Designate A Rule 30(b)(6) Witness to Testify to Issues to Which It Has No Knowledge.**

Viacom is not the proper named defendant in this case, and as such, cannot designate a corporate representative(s) to testify to matters that it does not have direct knowledge of nor can

be reasonably expected to know. Plaintiff, as he essentially admitted in his Complaint, was an employee of BET. *See, generally,* Complaint ("Comp."). Plaintiff was not an employee of Viacom nor was Viacom involved in his termination. Viacom is, therefore, without sufficient knowledge to designate a corporate witness to testify to the requested subject matter. Rule 30(b)(6) only requires a corporate representative to be designated if a witness can testify to matters personally known to him/her or the Company, or on matters that should have been reasonably known. It is unreasonable to expect Viacom to investigate and educate itself about decisions independently made by another employer for the purpose of creating a knowledgeable witness. *See Pro-Football, Inc. v. Harjo*, 2006 U.S. Dist. LEXIS 51086, 18-19 (D.D.C. 2006) (holding that Pro-Football could not be required to produce a 30(b)(6) witness to testify to matters not known or reasonable available to it). Consequently, Viacom cannot and should not be required to put forth a corporate representative to testify to unknown matters.

**C. Viacom Cannot be Forced to Testify to Issues Irrelevant to Plaintiff's Claims.**

Viacom should not be forced to designate a witness, such as Ms. Panarella, to testify to matters irrelevant to Plaintiff's claims. Discovery cannot be had if it does not appear reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b). Rule 30(b)(6) depositions, like any other discovery, must be "relevant to the claim or defense" of a party. *Id.* Courts routinely grants motions for protective order denying inquiry into areas that are irrelevant to the issues of the lawsuit. *See e.g., Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 519 (N.D. Okla. 2003) (granting motion for protective order because the areas of inquiry requested in Rule 30(b)(6) notice were irrelevant to lawsuit); *Carpenter Tech. Corp.*, Civ. A. No. 90-0740, 2990 WL 61190, *4 (E.D. Pa. 1990) (granting motion for protective order where notice

of deposition sought testimony on issues that did "not affect the ultimate issue to be resolved by this litigation" and were not "relevant or reasonably calculated to lead to admissible evidence").

Viacom has repeatedly informed Plaintiff that he has sued the wrong party and that it does not have direct knowledge regarding the reasons why Plaintiff's employer (BET) chose to terminate him.  As Viacom expressed in its Initial Disclosures, the only individual with any knowledge about Plaintiff's claims in his Complaint is Ms. Panarella – and her knowledge is particularly limited.  In this regard, Ms. Panarella is aware of Plaintiff's claim that he was employed by Viacom, (*see* Comp. at ¶ 10), and his claim that he made a complaint to Viacom's employee hotline in January 2005 (*see* Comp. at ¶ 14).  According to Plaintiff's Complaint, he was informed in January 2006 by BET that he was being terminated due to missing inventory.  *See* Comp. at ¶ 32.  Plaintiff's complaint to Viacom's employee hotline, therefore, is wholly unrelated to the alleged reasons behind his termination.  Moreover, Ms. Panarella's knowledge of Plaintiff's complaint to Viacom's employee hotline (as well as his claim that Viacom was his employer) is totally unrelated to the subject matters requested in Plaintiff's Notices of Deposition.  Thus, Viacom cannot produce a witness to testify to:

1. the reasons why BET terminated Plaintiff;

2. whether BET had a legitimate non-discriminatory reasons for terminating him; and

3. whether any persons employed by BET were similarly situated to Andre Combo.

Therefore, a protective order should issue to preclude any unnecessary depositions in this matter.

## **CONCLUSION**

For the foregoing reasons, Viacom respectfully requests that the Court grant the instant Motion for Protective Order to preclude Plaintiff from deposing a corporate designee (or designees) on the topics set forth in Plaintiff's Rule 30(b)(6) Notices of Deposition and from improperly seeking the production of documents.  Further, Viacom requests that the Court grant such other and further relief as may be just and proper, including without limitation, an award of Viacom's attorneys' fees and costs incurred in moving for this protection.

Date:  December 5, 2006                                  Respectfully submitted,

                                                                                /s/
                                                                Grace E. Speights (D.C. Bar No. 392091)
                                                                John S. Ferrer (D.C. Bar No. 489679)
                                                                MORGAN, LEWIS & BOCKIUS LLP
                                                                1111 Pennsylvania Avenue, NW
                                                                Washington, DC 20004
                                                                202-739-3000
                                                                202-739-3001 (facsimile)
                                                                *Attorneys for Defendant Viacom Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 5th day of December, 2006, a copy of the foregoing Motion for a Protective Order was served via the electronic case filing (CM/ECF) system and first-class mail on counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9601 Marlboro Pike
>Upper Marlboro, MD  20772

                          /s/
                   John S. Ferrer