# EXHIBIT B

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**John S. Ferrer**
Associate
202.739.5317
jferrer@morganlewis.com

December 1, 2006

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Jimmy A. Bell, Esq.
The Law Offices of Jimmy A. Bell, P.C.
9601 Marlboro Pike
Upper Marlboro, Maryland 20772

Re:   <u>Combo v. Viacom Inc., Case No. 1:06CV00226</u>

Dear Mr. Bell:

      I am writing in response to the recently served Notices of Deposition ("Notices") for a corporate representative. As we briefly discussed today, Viacom Inc. ("Viacom") objects to the Notices. Viacom's objections are based on several grounds and we request immediate withdrawal of the Notices. A responsive motion will be filed shortly should you not withdraw the Notices by Monday, December 4, 2006.

      First, we object to the Notices because, as you have been notified on several previous occasions, Viacom is not the proper named defendant in this case. Plaintiff, as admitted in the Complaint, was an employee of Black Entertainment Television ("BET"). Plaintiff was not an employee of Viacom nor was Viacom involved in her termination. Rule 30(b)(6) requires Viacom to designate a corporate representative to testify to matters within his or her personal knowledge, and on matters reasonably known to Viacom. It is not reasonable to expect Viacom to possess knowledge about the employment decisions made by the independently operated BET. Thus, Viacom will not be able to put forth a corporate representative on the requested subject matters.

      Second, we object to the short time frame given for the deposition in that it violates Local Rule 30.1. A party served must be given reasonable notice of the date set for the deposition, which the Court has defined as no less than five (5) days *in advance* of the deposition. Your Notices, dated November 29, 2006, do not meet this requirement.

1-WA/2665397.1



Jimmy A. Bell, Esq.
December 1, 2006
Page 2

Third, we object to the Notice that seeks the production of documents. A request for documents is not proper under Rule 30(b)(6).

Fourth, we object to the Notices for being overly broad, unduly burdensome, and calls for information that is not reasonably calculated to lead to the discovery of admissible evidence in the case.

Due to the short time frame you have set for the deposition and its overly broad scope, we ask that you advise us as soon as possible, but by no later than Monday, December 4, 2006, as to whether or not you intend to withdraw the Notices. If you insist that we comply with the Notices of Deposition, we will seek a protective order from the Court and/or move to quash.

Sincerely,

John S. Ferrer

c: Grace E. Speights, Esq.

1-WA/2665397.1