IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO<br><br>        Plaintiff,<br><br>        v.<br><br>VIACOM INC.<br><br>        Defendant. | Case No. 1:06-CV-00226 (ESH) |

## VIACOM INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO DISMISS WITHOUT PREJUDICE AND CROSS MOTION TO DISMISS WITH PREJUDICE AND/OR FOR ATTORNEYS' FEES AND COSTS

Defendant Viacom Inc. ("Viacom"), pursuant to Federal Rule of Civil Procedure 41(a)(2), opposes Plaintiff's Motion to Dismiss Without Prejudice, and requests that this Court dismiss the case with prejudice and order Plaintiff to pay Viacom's attorneys' fees and costs. In the alternative, Viacom requests that any dismissal without prejudice should be conditioned on Plaintiff's payment of Viacom's attorneys' fees and costs. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Date: December 15, 2006

Respectfully submitted,

/s/
Grace E. Speights (D.C. Bar No. 392091)
John S. Ferrer (D.C. Bar No. 489679)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
202-739-3001 (facsimile)
*Attorneys for Defendant Viacom Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIACOM INC. )<br>)<br>Defendant. )<br>) | Case No. 1:06-CV-00226 (ESH) |

### VIACOM INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO DISMISS WITHOUT PREJUDICE AND IN SUPPORT OF CROSS MOTION TO DISMISS WITH PREJUDICE AND/OR FOR ATTORNEYS' FEES AND COSTS

Defendant Viacom Inc. ("Viacom" or "the Company"), pursuant to Federal Rule of Civil Procedure 41(a)(2), opposes Plaintiff's Motion to Dismiss Without Prejudice, and requests that this Court dismiss the case with prejudice and order Plaintiff to pay Viacom's attorneys' fees and costs. In the alternative, Viacom requests that any dismissal without prejudice should be conditioned on Plaintiff's payment of Viacom's attorneys' fees and costs.

### BACKGROUND

Plaintiff filed this sex discrimination and defamation case on February 8, 2006 in connection with his employment with Black Entertainment Television ("BET"). Viacom does not disagree that it should be dismissed from Plaintiff's claim. Indeed, as soon as Viacom was served with Plaintiff's Complaint, it notified Plaintiff that Viacom was not Plaintiff's employer and had not been involved in any of BET's employment decisions. Despite the many conversations Viacom's counsel had with Plaintiff's counsel regarding his involvement of the wrong defendant, and Plaintiff's notices of this fact in Court pleadings, including the Answer,

Report of Local Rule 16.3 Conference, Initial Disclosure, and a Motion for Protective Order, Plaintiff persisted in pursuing his claims against Viacom.

Even prior to filing the instant case, Plaintiff's counsel was well aware that Viacom was not the proper defendant. Approximately six months before filing the instant case, Plaintiff's counsel filed a similar employment case against Viacom, in which he was informed that Viacom was not the employer of BET employees.[1] Despite this notice, Plaintiff's counsel again harassed Viacom with an employment action related to BET.

Now, almost a year after initiating suit, Plaintiff is finally seeking to dismiss the case against Viacom *without prejudice* while attempting to escape responsibility for the significant expenses he caused Viacom to incur. In his "Emergency Motion to Dismiss Without Prejudice," Plaintiff stated that he is "prepared to file suit against BET *exclusively,*" but did not want to dismiss the case with prejudice. Pl. Emergency Mot. to Dismiss Without Prejudice at ¶ 5 (emphasis added). Without sufficient grounds for filing a duplicative suit against Viacom, the Company is respectfully requesting that the Court dismiss the case with prejudice and order Plaintiff to pay Viacom's attorneys' fees and costs. In the alternative, Viacom respectfully requests that the Court condition any dismissal without prejudice with a requirement that Plaintiff compensate the Company for the attorneys' fees and costs it incurred in its defense.

## ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) provides that after an adverse party has served an Answer, an action may be dismissed at the Plaintiff's insistence only "upon order of the Court and upon such terms and conditions as the court deems proper." "The purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or inconvenience that may result

---

[1] *Woodland v. Viacom Inc.*, Case No. 1:05-CV-01611, was filed by Plaintiff's counsel on August 12, 2005.

from a plaintiff's voluntary dismissal." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981). "Attorneys' fees and costs are commonly awarded as one such 'term and condition' for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case." *Id.*

After subjecting Viacom to almost a year of frivolous litigation, Plaintiff should not be permitted to dismiss his Complaint without prejudice when he has admitted what Viacom had been telling him all along – he has sued the wrong party. Viacom informed Plaintiff of this point on several occasions, but Plaintiff persisted in trying to hold Viacom liable for BET's employment actions. Viacom also informed Plaintiff of this fact in several Court documents, including in its Answer, Report of Local Rule 16.3 Conference, Initial Disclosure, and Motion for Protective Order. Moreover, Plaintiff was well aware that he was suing the wrong employer even before he filed this suit because his counsel had previously attempted to hold Viacom liable in a similar case involving a BET employee, and Viacom informed Plaintiff's counsel in that case that he had the wrong party. *See Woodland v. Viacom Inc.*, Case No. 1:05-CV-01611. Yet, Plaintiff erroneously sued Viacom for the alleged acts of another (BET), and for nearly a year maintained such suit against the wrong party. As a result, Plaintiff has caused Viacom to waste time and resources, and to unnecessarily accrue substantial attorneys' fees and expenses in its defense.

Now, Plaintiff is attempting to escape the litigious mess he created without bearing any responsibility for the expenses he caused Viacom to needlessly incur. Plaintiff is even asking the Court to leave a door open for him to re-file against Viacom should he desire to do so in the future, despite conceding in his Emergency Motion to Dismiss Without Prejudice that he should have and will pursue his claims exclusively against BET. Plaintiff should not be availed such an

opportunity to subject Viacom to future needless and harassing litigation. Therefore, the Court should dismiss the case with prejudice and require Plaintiff to pay Viacom's attorneys' fees and costs. *See Bernay v. Sales*, 435 A.2d 398, 403 (D.C. 1981) (Rule 41 should give "a defendant reasonable protection against repetitious, vexatious litigation); *Bishop v. West American Ins. Co.*, 95 F.R.D. 494, 495 (N.D.Ga. 1982) ("The award of costs usually includes all litigation-related expenses incurred by the defendant, including reasonable attorney fees."). In the alternative, should the Court decide to dismiss this case without prejudice, at a minimum, any such dismissal should be conditioned on Plaintiff compensating Viacom for the attorneys' fees and costs it unnecessarily incurred in its defense. Thus, Plaintiff's Motion to Dismiss Without Prejudice in its current form should be denied.

## CONCLUSION

For the foregoing reasons, Viacom respectfully requests that the Court dismiss Plaintiff's claims with prejudice and require Plaintiff to pay the Viacom's costs and attorneys' fees. In the alternative, any dismissal without prejudice should be conditioned on Plaintiff compensating Viacom for the attorneys' fees and costs it unnecessarily incurred in its defense.

Date:  December 15, 2006                    Respectfully submitted,

                                           _____/s/_____
                                           Grace E. Speights (D.C. Bar No. 392091)
                                           John S. Ferrer (D.C. Bar No. 489679)
                                           MORGAN, LEWIS & BOCKIUS LLP
                                           1111 Pennsylvania Avenue, NW
                                           Washington, DC 20004
                                           202-739-3000
                                           202-739-3001 (facsimile)
                                           *Attorneys for Defendant Viacom Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ANDRE COMBO** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**VIACOM INC.** )<br>)<br>Defendant. )<br>) | Case No. 1:06-CV-00226 (ESH) |

**ORDER**

Upon consideration of Plaintiff's Emergency Motion to Dismiss Without Prejudice, Viacom Inc.'s Opposition to Plaintiff's Emergency Motion and Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs, and the Memorandums in Support thereof:

IT IS ORDERED this __ day of December, 2006, that Plaintiff's Emergency Motion to Dismiss Without Prejudice is DENIED and Viacom's Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs is GRANTED.

IT IS FURTHER ORDERED that Plaintiff pay Viacom its reasonable attorneys' fees and all other costs incurred in its defense of this case.

So Ordered this _____ day of December, 2006.

_____
Ellen Segal Huvelle
United States District Judge

1-WA/2670737.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00226 (ESH) |
| ) | |
| VIACOM INC. ) | |
| ) | |
| Defendant. ) | |

## ALTERNATIVE ORDER

Upon consideration of Plaintiff's Emergency Motion to Dismiss Without Prejudice, Viacom Inc.'s Opposition to Plaintiff's Emergency Motion and Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs, and the Memorandums in Support thereof:

IT IS ORDERED this __ day of December, 2006, that Plaintiff's Emergency Motion to Dismiss Without Prejudice is DENIED. Viacom's Cross Motion, to the extent it requests that a dismissal of this case without prejudice be conditioned on Plaintiff compensating Viacom for its reasonable attorneys' fees and all other costs, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff pay Viacom its reasonable attorneys' fees and all other costs incurred in its defense of this case.

So Ordered this _____ day of December, 2006.

_____
Ellen Segal Huvelle
United States District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December, 2006, a copy of the foregoing Opposition to Plaintiff's Emergency Motion to Dismiss Without Prejudice and Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs was served via the electronic case filing (CM/ECF) system and first-class mail on counsel for Plaintiff as follows:

> Jimmy A. Bell, Esq.
> The Law Offices of Jimmy A. Bell, P.C.
> 9601 Marlboro Pike
> Upper Marlboro, MD  20772

                                                  /s/
                                    John S. Ferrer