IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDRE COMBO** : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **VIACOM INC.,** : <br> Defendant. : <br> : | Civil Action No.: 06-00226-ESH |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

COMES NOW, Plaintiff, Andre Combo, by and through undersigned counsel Jimmy A. Bell, Esquire and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Reply to Defendant's Opposition to Plaintiff's Motion for Voluntary Dismissal without Prejudice.

For cause, the Plaintiff states the following:

**ARGUMENT**

Federal Rule of Civil Procedure 41(a)(2) states that once an Answer has been served, this Court may dismiss the action "upon such terms and conditions as the court deems proper." While attorneys' fees may be awarded as part of a voluntary dismissal, they are so awarded where "costs were undertaken unnecessarily…" GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367 (D.C. Cir. 1981). Although Defendant would have this Court believe that the instant litigation was knowingly brought against the wrong party, citing Woodland v. Viacom, Defendant has failed to inform this Court that it's attempts to seek a dismissal of the Woodland case, asserting that it was not the

correct party failed, when this Court denied Defendant's motion in that case. Exhibit 1, Woodland v. Viacom, Order dated November 8, 2006.

As Defendant is the parent company of BET and may indeed, according to the law of this Circuit, be found liable for the actions of its subsidiary, the instant litigation was neither unnecessary, nor frivolous as Defendant would like this Court to believe. In fact, this Circuit is clear as to when a parent company can be found liable for the actions of its subsidiary, however, Defendant has failed to even acknowledge this authority in its current opposition. Specifically, where evidence exists showing an interrelationship between parent and subsidiary in the areas of 1) interrelation of operations; 2) centralized control of labor; 3) common management; and 4) common ownership or financial control, parent and subsidiary are treated as a single employer, and the parent is held liable for acts that amount to discrimination by one of the parent's layers of management. Hunter v. Ark Restaurants, 3 F. Supp. 2d 9, 18 (D.D.C. 1998).

First, Defendant shares common ownership with BET, such that it should be liable for the actions of its subsidiary. On the prong of "common ownership or financial control," probative evidence that the parent employs the subsidiary's employees for purposes of liability for workplace discrimination may be found if the "parent . . . handled the subsidiary's payroll." Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir. 1987); Armbruster v. Quinn, 711 F.2d 1332, 1338 (6th Cir. 1983). Here, Defendant is the sole owner of its subsidiary, BET, and it handles payroll for its subsidiary.

Second, Defendant exercises control over BET's employment policies, procedures, and compliance. Defendant requires its employees to sign a Conduct Manual which refers to BET as Viacom, in essence treating the two companies as one in the

same. Exhibit 2, Woodland Opposition at 8.  With respect both to payroll and business conduct, Defendant is pulling the strings through its BET business unit, exercising sufficient control over Plaintiff's workplace to justify being held liable for his instant claims. Clearly, BET exists as just another layer of management in Defendant's structure; Defendant exercises control over the labor relations of its business units; and Defendant is liable to Plaintiff.

Finally, Viacom retains control over documents related to Plaintiff and his employment, including the Conduct Manual employees are required to sign.  Thus, Viacom and BET are so interrelated as to justify holding Viacom liable for the actions of its employees and/or subsidiary.  In fact, this Court in Woodland, denied Defendant's Rule 19 motion to dismiss because it found that Defendant had not brought forth sufficient evidence to explain how Defendant and its subsidiary were separate entities. Exhibit 1 at 5.  Here, as in Woodland, each prong of the "interrelated enterprise test," tends to show that Defendant can be held liable for the claims currently pending against Defendant.  Therefore, the instant litigation is neither unnecessary nor frivolous and Defendant is not entitled to attorneys' fees or costs. As such, this Court should grant Plaintiff's instant Motion and dismiss the pending action without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Voluntary Dismissal without Prejudice.

       Respectfully submitted,

       _____
       Jimmy A. Bell, Esq.
       Law Office of Jimmy A. Bell, P.C.
       9610 Marlboro Pike
       Upper Marlboro, MD 20772
       (301) 599-7620
       (301) 599-7623 (Fax)
       Counsel for the Plaintiff
       Bar No. MD 14639