UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
ANTOINETTE WOODLAND,                   )
                                       )
             Plaintiff,                )
      v.                               )
                                       )   Civil Action No. 05-1611 (PLF)
VIACOM, INC.,                          )
                                       )
             Defendant.                )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion to dismiss under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for failure to join an indispensable party. After considering all the papers filed by the parties and the relevant case law, the Court denies the motion to dismiss.

I. BACKGROUND

Plaintiff Antoinette Woodland worked at Black Entertainment Television ("BET") in the District of Columbia from December 2001 until at least the filing of this action on August 12, 2005. See Complaint ("Compl.") ¶¶ 6, 8, 76. BET is a subsidiary of defendant Viacom, Inc. Plaintiff's job titles included Property Manager for BET, Senior Logistics Manager for BET, and Senior Manager of Occupant Services, which was her position when this action was filed. See Compl. ¶¶ 8, 9, 76. Plaintiff alleges that she was effectively demoted in October 2004 by Edward Gilmore, her supervisor, despite having received good performance evaluations. See id. ¶¶ 15, 17, 48. Plaintiff alleges that the demotion "coincided" with Gilmore's hiring of a male to fill her position. See id. ¶¶ 39-44. She alleges that Gilmore previously had made "negative,

disparaging and/or slanderous remarks about Plaintiff's job performance to BET employees." Id. ¶ 18.

Plaintiff brought this diversity action for damages under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1402.11, alleging that Viacom discriminated against her because of her gender while she worked at BET. Viacom filed a motion under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure seeking dismissal of the action for failure to join BET, which Viacom argues is both a necessary and an indispensable party. Viacom argues that the action cannot proceed without BET because BET, not Viacom, is plaintiff's employer, and that BET cannot be joined in this action because it is a non-diverse party and that joinder of BET therefore would destroy jurisdiction. Plaintiff contends that BET is not a necessary party because Viacom is plaintiff's employer.

## II. DISCUSSION

Under Rule 19 of the Federal Rules of Civil Procedure, an absent party is considered necessary to the litigation if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a). Should the Court determine that any of Rule 19(a)'s criteria are met, it must order that the absent party be joined. See id.

If a party should be joined under Rule 19(a), but joinder of the missing party is not feasible, the Court must consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it," or whether it should be dismissed, "the absent person being thus regarded as indispensable." FED. R. CIV. P. 19(b). The factors to be considered in making this determination are (1) "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;" (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." FED. R. CIV. P. 19(b). This is a fact-specific inquiry that "can only be determined in the context of particular litigation." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968); see also Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas v. Babbitt, 43 F.3d 1491, 1495 (D.C. Cir. 1995); KPMG Financial Advisory Services v. Diligence LLC, 2006 U.S. Dist. LEXIS 8241 at *7-8 (D.D.C. Feb. 14, 2006). The party moving for dismissal bears the burden of proving that the absent party is indispensable. See Ilan-Gat Eng. Ltd., A.G./S.A. v. Antigua Int. Bank, 659 F.2d 234, 242 (D.C. Cir.1981) (defendant seeking dismissal presented insufficient evidence to allow the court to find the absent party was indispensable).

Defendant argues that because BET, not Viacom, is plaintiff's employer, Viacom cannot be held liable for the alleged wrongs, and complete relief therefore cannot be accorded to plaintiff in BET's absence. Hence, Viacom argues, BET is a necessary party under Rule 19(a). Defendant attempts to invoke the doctrine of limited corporate liability, which creates a

3

presumption that a parent company is not the employer of a subsidiary's employees and cannot be held liable for employment-related actions of its subsidiary. See Johnson v. Flowers Indus., 814 F.2d 978, 980-81 (4th Cir. 1987).

To determine whether two companies are so interrelated that the parent may be held liable for the subsidiary's employment-related acts, district courts in this circuit have looked to the single-employer test (also called the integrated enterprise test), which considers: (1) the interrelation of the companies' operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. See Hunter v. Ark Restaurants, 3 F. Supp. 2d 9, 18 (D.D.C. 1998); Richard v. Bell Atlantic Corp., 946 F. Supp. 54, 61 (D.D.C. 1996); E.E.O.C. v. St. Francis Xavier Parochial School, 928 F. Supp. 29, 33 (D.D.C. 1996). Courts of appeals in other circuits have done the same.[1] Factors to consider in determining the extent of a parent's involvement include control of payroll and hiring, involvement in daily operations, tax liability and shared management, offices, bank accounts and credit cards. See Richard v. Bell Atlantic Corp., 946 F. Supp. at 61.

Viacom and plaintiff disagree as to who plaintiff's employer is and whether Viacom can be held liable for plaintiff's claims. Viacom argues that BET is plaintiff's employer, and notes that two of her previous job titles suggest as much. See Defendant Viacom's

---

[1] See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995) (parent company may be held liable because it played central role in subsidiary's labor relations); Garcia v. Elf Atochem North America, 28 F. 3d 446, 450 (5th Cir. 1994) (summary judgment for defendant because plaintiff failed to show parent company and subsidiary were a single, integrated enterprise as defined by four-part test); Frank v. U.S. West, Inc., 3 F.3d 1357, 1362 (10th Cir. 1993) (same); Johnson v. Flowers Indus., Inc., 814 F.2d at 981 ("excessive control" of employment or operations can make the parent the employer of subsidiary's workers); cf. United Telegraph Workers v. Nat'l Labor Relations Bd., 571 F.2d 665, 667 (D.C. Cir. 1978) (applying four factors to determine single-employer status for collective bargaining purposes).

Memorandum of Points and Authorities in Support of its Rule 19 Motion to Dismiss ("Mot.") at 2. Viacom also points to the Joint Rule 16.3 Report filed by the parties, in which plaintiff appears to concede that BET is her employer. See Mot. at 3; 16.3 Report at 1. Plaintiff, in response, argues that her paychecks are issued by the "Viacom Payroll Department" in New York City, although they also bear the BET logo. See Plaintiff Antoinette Woodland's Response in Opposition to Defendant Viacom Inc.'s Rule 19 Motion to Dismiss ("Opp.") at 1; Plaintiff's Exhibit ("Pl. Ex.") 1 at 2.[2] Plaintiff also argues that she was required to sign the Viacom employee handbook, which lays out general company-wide policies on matters like ethics, workplace harassment and email. See Opp. at 9; Pl. Ex. 2; Pl. Ex. 3 at 2.

Although this evidence may not be sufficient to prove at trial that Viacom can actually be held liable for the allegedly discriminatory acts of plaintiff's superiors, on a Rule 12(b)(7) motion Viacom bears the burden of showing that "complete relief cannot be accorded among those already parties." See FED. R. CIV. P. 19(a); Ilan-Gat Eng. Ltd. A.G./S.A. v. Antigua Int. Bank, 659 F.2d at 242. Viacom has not provided enough information to support such a conclusion because it did not show, or even explain, how the companies are sufficiently separate to preclude Viacom's liability. Because Viacom has failed to demonstrate that it cannot be held liable, the Court cannot conclude that BET's absence prevents "complete relief" from being accorded under Rule 19(a) of the Federal Rules of Civil Procedure. Therefore, BET is not a necessary party under Rule 19(a). Because Viacom has not shown that BET is a necessary party

---

[2] In ruling on a motion to dismiss for failure to join an indispensable party under Rule 12(b)(7), the Court may consider material beyond the pleadings. See 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3d Ed. 2004).

under Rule 19(a), it follows that BET also is not an indispensable party under Rule 19(b), and dismissal of the action under Rule 12(b)(7) therefore is not appropriate.

Accordingly, it is hereby

ORDERED that defendant Viacom's [9] Motion to Dismiss is DENIED; and it is

FURTHER ORDERED that the parties shall submit a new Joint Report pursuant to Local Rule 16.3 on or before December 1, 2006.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 8, 2006