IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDRE COMBO** | : | |
| | : | |
| Plaintiff, | : | **Civil Action No.**: 06-00226-ESH |
| v. | : | |
| **VIACOM INC.,** | : | |
| Defendant. | : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS MOTION FOR DISMISSAL WITHOUT PREJUDICE AND FOR ATTORNEYS' FEES

COMES NOW, Plaintiff, Andre Combo, by and through undersigned counsel Jimmy A. Bell, Esquire and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Opposition to Defendant's Motion for Dismissal without Prejudice and for Attorneys' Fees.

For cause, the Plaintiff states the following:

### ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) states that once an Answer has been served, this Court may dismiss the action "upon such terms and conditions as the court deems proper." GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367 (D.C. Cir. 1981). Generally, a "plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Conafay v. Wyeth Labs., 268 U.S. App. D.C. 295, 841 F.2d 417, 419 (D.C. Cir. 1988); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Furthermore, a court may also condition a voluntary dismissal without prejudice on the payment of the nonmoving



party's attorneys' fees and costs in the litigation under some circumstances, but such a condition is far from automatic. See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987). The purpose of the "terms and conditions" clause of Rule 41 (a) (2) is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal. GAF, 665 F.2d at 367. Attorneys' fees and costs are commonly awarded as one such "term and condition" for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case. Id. Ordinarily the amount of fees awarded *must* be limited to compensation for work that cannot be used in any subsequent action. See Id. at 369-70. This amount must be supported by evidence in the record. Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985).

In the instant case, Defendant's entire argument in favor of an award of attorneys' fees is centers around the unsubstantiated claim that Plaintiff's suit is unnecessary because Defendant is not the proper party for said suit. See generally, Defendant's Cross Motion to Dismiss without Prejudice and for Attorneys' Fees. While Defendant cites GAF Corp v. Transamerica Insurance Co. to support the proposition that it should be awarded attorneys' fees, Defendant completely fails to address the portion of GAF which states that any award of fees "must" be limited to compensation for work that cannot be used in a subsequent action. See GAF, 665 F.2d at 369-70. Not only does Defendant completely fail to provide any information regarding the nature of compensation sought, Defendant does not even attempt to identify those costs which arise from work that could not be used in a subsequent action. See generally, Defendant's Cross Motion. This Court should not award attorneys' fees in the instant case, as Defendant has not even attempted to address this Court's standard for such an award, let alone demonstrate that it meets


created using BCL easyPDF Printer Driver  Click here to purchase a license to remove this image

said standard.  Moreover, Defendant cannot claim that it has expended time or money on work that would not be useful in any subsequent litigation as Defendant has not filed any dispositive motion to date.  Furthermore, Defendant has filed only an Answer, filed on March 20, 2006, and a single Motion for Protective Order, filed on December 5, 2006 and denied by this Court.

In GAF, this Circuit affirmed an award of attorney's fees where the defendant had filed its motion for summary judgment prior to the plaintiff filing its motion for voluntary dismissal, but remanded the case for a determination as to the expenses awarded which comprised work product that would be useful in subsequent litigation. GAF Corp., 665 F.2d at 367, 369.  An award of those expenses, the court stated, "would amount to a windfall to Transamerica [because] [] the issues in the California state proceeding [were] closely related to those that were in dispute in this action . . . ." Id.

The plaintiff in GAF waited approximately five months after the motion for summary judgment was filed before filing its motion for voluntary dismissal in order to refile the action in another jurisdiction. Id.  Here, Defendant has not filed any such dispositive motions, but insists never the less, contrary to Plaintiff's beliefs, that it is not the proper party in this action.  Furthermore, unlike the plaintiff in GAF, Plaintiff filed its instant motion only five days after this Court's granted, in part, Defendant's Motion for Protective Order on December 6, 2006. See Minute Order dated December 6, 2006.  More importantly, discovery has not even closed in the instant case.  This is not a case in which Plaintiff is seeking a voluntary dismissal without prejudice after this Court has decided a motion for summary judgment, nor is this a case in which this Court has decided any of the merits of the case in favor of Defendant.  Moreover, Plaintiff believes



that Defendant is, in fact, the proper party to said litigation, but is willing to pursue said action against BET at Defendant's insistence that it is an improper party in reliance on Defendant's claims that it is not the proper party.  Moreover, if Plaintiff chooses to file a subsequent action against BET, it is unclear as to whether BET will attempt to bring Defendant into said action as a cross claimant.  By filing the Plaintiff's Motion for Voluntary Dismissal without Prejudice, Plaintiff has detrimentally relied on Defendant's statement and if Defendant's claims as to liability prove to be incorrect, Plaintiff would have claims against Defendant for its reliance on said statements.

   Although Defendant would have this Court believe that the instant litigation was knowingly brought against the wrong party, citing <u>Woodland v. Viacom</u>, Defendant has failed to inform this Court that it's attempts to seek a dismissal of the Woodland case, asserting that it was not the correct party failed, when this Court denied Defendant's motion in that case.  <u>See</u> <u>Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Voluntary Dismissal, Exhibit 1.</u>  As Defendant is the parent company of BET and may indeed, according to the law of this Circuit, be found liable for the actions of its subsidiary, the instant litigation is neither unnecessary, nor frivolous as Defendant would like this Court to believe.  In fact, this Circuit is clear as to when a parent company can be found liable for the actions of its subsidiary, however, Defendant's instant Motion fails to even acknowledge this authority.  Specifically, where evidence exists showing an interrelationship between parent and subsidiary in the areas of 1) interrelation of operations; 2) centralized control of labor; 3) common management; and 4) common ownership or financial control, parent and subsidiary are treated as a single employer, and



the parent is held liable for acts that amount to discrimination by one of the parent's layers of management. Hunter v. Ark Restaurants, 3 F. Supp. 2d 9, 18 (D.D.C. 1998).

 First, Defendant shares common ownership with BET, such that it should be liable for the actions of its subsidiary. On the prong of "common ownership or financial control," probative evidence that the parent employs the subsidiary's employees for purposes of liability for workplace discrimination may be found if the "parent . . . handled the subsidiary's payroll." Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir. 1987); Armbruster v. Quinn, 711 F.2d 1332, 1338 (6th Cir. 1983). Here, Defendant is the sole owner of its subsidiary, BET, and it handles payroll for its subsidiary.

 Second, Defendant exercises control over BET's employment policies, procedures, and compliance. Defendant requires its employees to sign a Conduct Manual which refers to BET as Viacom, in essence treating the two companies as one in the same. See Plaintiff's Reply, Exhibit 2 at 8. With respect both to payroll and business conduct, Defendant is pulling the strings through its BET business unit, exercising sufficient control over Plaintiff's workplace to justify being held liable for his instant claims. Clearly, BET exists as just another layer of management in Defendant's structure; Defendant exercises control over the labor relations of its business units; and Defendant is liable to Plaintiff.

 Finally, Viacom retains control over documents related to Plaintiff and his employment, including the Conduct Manual employees are required to sign. Thus, Viacom and BET are so interrelated as to justify holding Viacom liable for the actions of its employees and/or subsidiary. In fact, this Court in Woodland, denied Defendant's Rule 19 motion to dismiss because it found that Defendant had not brought forth

5



sufficient evidence to explain how Defendant and its subsidiary were separate entities. <u>Plaintiff's Reply, Exhibit 1</u> at 5.  Moreover, it is important to note that, not only did this Court, in <u>Woodland</u>, find that Defendant had failed to produce sufficient evidence to show that it was a separate entity from its subsidiary, but this Court also issued a new scheduling order on December 5, 2006 and said action is still currently pending in this District.  Here, as in <u>Woodland</u>, each prong of the "interrelated enterprise test," tends to show that Defendant can be held liable for the claims currently pending against Defendant.  Therefore, the instant litigation is neither unnecessary nor frivolous and Defendant is not entitled to attorneys' fees or costs. As such, this Court should grant Plaintiff's Motion for Voluntary Dismissal without Prejudice and deny Defendant's request for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Defendant's Cross Motion for Dismissal without Prejudice and deny Defendant's request for attorneys' fees and costs.

Respectfully submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Counsel for the Plaintiff
Bar No. MD 14639




created using BCL easyPDF Printer Driver. Click here to purchase a license to remove this image