**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ANDRE COMBO                                  )
                                             )
                    Plaintiff,               )
                                             )
         v.                                  )        Case No. 1:06-CV-00226 (ESH)
                                             )
VIACOM INC.                                  )
                                             )
                    Defendant.               )
_____)

## VIACOM INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO VIACOM'S CROSS MOTION TO DISMISS WITH PREJUDICE AND/OR FOR ATTORNEYS' FEES AND COSTS

Defendant Viacom Inc. ("Viacom"), by and through its undersigned counsel, hereby submits its Reply to Plaintiff's Opposition to Viacom's Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs.  For the reasons set forth below, as well as those contained in Viacom's Memorandum in Support of its Cross Motion to Dismiss Plaintiff's Complaint With Prejudice and/or For Attorneys' Fees and Costs ("Defendant's Mem."), Viacom respectfully requests that this Court grant its motion to dismiss the case with prejudice and order Plaintiff to pay Viacom's reasonable attorneys' fees and costs.  In the alternative, Viacom requests that any dismissal without prejudice should be conditioned on Plaintiff's payment of Viacom's reasonable attorneys' fees and costs.

## INTRODUCTION

Plaintiff filed the instant action against Viacom arising out of his employment with Black Entertainment Television ("BET") claiming (1) gender discrimination in violation of the D.C. Human Rights Act ("DCHRA"); and (2) defamation on February 8, 2006.  *See generally* Complaint.  On December 11, 2006, Plaintiff filed an Emergency Motion to Dismiss Without

Prejudice. On December 15, 2006, Viacom filed its Opposition to Plaintiff's motion to dismiss and also moved to dismiss Plaintiff's Complaint with prejudice and/or for attorneys' fees and costs. On December 26, 2006, Plaintiff filed his Reply to Viacom's Opposition to Plaintiff's Motion to Dismiss Without Prejudice ("Pl.'s Reply").[1] Plaintiff subsequently filed his Opposition to Viacom's Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs on December 28, 2006 ("Pl.'s Opposition").

Initially, Plaintiff's Opposition should be stricken as untimely. Even if the Court, however, accepts Plaintiff's untimely opposition, he has failed to set forth any sufficient argument as to why Viacom's motion should not be granted in this instance. In his Opposition, Plaintiff argues that he should not be required to pay Viacom's attorneys' fees and costs because (1) he did not knowingly sue the wrong defendant, because as BET's parent company, Viacom may be held liable for BET's actions; and (2) Viacom has not incurred any expenses that would not be useful in subsequent litigation. However, Plaintiff has misconstrued the applicable facts and law. Viacom therefore respectfully requests that the Court grant its motion to dismiss the case with prejudice and order Plaintiff to pay Viacom's reasonable attorneys' fees and costs. In the alternative, the Court should condition any dismissal without prejudice with a requirement that Plaintiff compensate the Company for the reasonable attorneys' fees and costs it incurred in its defense.

---

[1] Plaintiff's Reply was not filed in a timely manner. Under Local Rule 7(d), a moving party must serve and file a reply memorandum within five days after service of a memorandum in opposition. Viacom timely filed its Opposition to Plaintiff's Emergency Motion to Dismiss Without Prejudice on December 15, 2006. Therefore, Plaintiff's reply was due by December 22, 2006. However, Plaintiff did not file his reply until December 26, 2006. As such, Plaintiff's Reply should be stricken.

## ARGUMENT

**A.    Plaintiff's Opposition Was Untimely Filed.**

Plaintiff filed his Opposition to Viacom's motion in violation of Local Rule 7(b). Pursuant to Local Rule 7(b), an opposing party must serve and file a memorandum in opposition to a motion within 11 days of the date of service of the motion. "If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded." LCvR 7(b). Viacom filed its cross motion on December 15, 2006. Therefore, in accordance with Local Rule 7(b), Plaintiff's Opposition should have been filed by December 26, 2006, but he did not file his Opposition until December 28, 2006. Thus, Plaintiff's Opposition was not timely and should be stricken. Accordingly, Viacom respectfully requests that the Court treat its motion as conceded.

**B.    Plaintiff Should Be Required To Pay Viacom's Reasonable Attorneys' Fees And Costs.**

      1.    Plaintiff Had Prior Notice That Viacom Was The Wrong Party To His Suit.

Despite having prior notice that Viacom was not a proper party, Plaintiff erroneously named Viacom as the defendant in the instant action and caused Viacom to incur unnecessary expenses in its defense. Plaintiff was well aware that he was suing the wrong employer before he filed this suit because his counsel had previously attempted to hold Viacom liable in another discrimination case, in which he was informed that Viacom was not the employer of BET employees. *See Woodland v. Viacom*, Case No. 1:05-CV-01611. Now, almost a year after initiating the instant suit, Plaintiff is finally seeking to dismiss the case against Viacom. As a result of this erroneous suit, Plaintiff caused Viacom to waste time and resources, and to unnecessarily accrue attorneys' fees and expenses in its defense.

In his Opposition, Plaintiff disputes that he knowingly brought this suit against the wrong party. Although he has moved to voluntarily dismiss the suit, he maintains that Viacom is a proper defendant because, as BET's parent company, Viacom can be held liable for BET's actions. *See* Pl.'s Opposition at 4. Plaintiff's argument is based on the Court's denial of Viacom's motion to dismiss in the *Woodland* case. Although Plaintiff is correct in stating that the Court denied Viacom's Rule 19 motion to dismiss in the *Woodland* action, he fails to adequately represent the Court's findings. In fact, the Court did not find that Viacom can be held liable for BET's actions, but rather that Viacom had not provided enough information to support a conclusion that the two companies were sufficiently separate to preclude Viacom's liability at that early stage. *See* Pl.'s Reply, Exh. 2 (*Woodland* Court's Memorandum Opinion and Order) at 5-6. Further, discovery is at the beginning stages in the *Woodland* case and, as shown by the lack of any evidence set forth in his opposition, Plaintiff cannot factually support his allegation that Viacom can be held liable for the employment actions of BET. Plaintiff's argument, therefore, is just that – *argument* – which is unsubstantiated. Indeed, the *Woodland* case merely shows that Plaintiff was well aware that he had sued the wrong employer.

2.    <u>Viacom Has Unnecessarily Incurred Fees and Costs.</u>

Plaintiff also argues in his Opposition that he should not be required to pay Viacom's attorneys' fees and costs because Viacom has not demonstrated that it has incurred expenses that cannot be used in a subsequent action. *See* Pl.'s Opposition at 2-4. Plaintiff's argument is based upon the findings of the District of Columbia Circuit Court of Appeals in *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364 (D.C. Cir. 1981). The *GAF* court held that when a court awards attorneys' fees and costs as a condition of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), the defendant "is entitled only to those costs incurred in making appearances in the

district court prior to dismissal and in preparing any work product, whether it be evidence or motion papers, that was rendered useless by the dismissal of this action." *Id.* at 369-370.

Plaintiff asserts that Viacom "has not even attempted to address this Court's standard for such an award, let alone demonstrate that it meets said standard." Pl.'s Opposition at 2-3. The *GAF* court, however, imposed no such burden on defendants moving for attorneys' fees. As such, Plaintiff's argument is misplaced.

Plaintiff also alleges that Viacom "cannot claim that it has expended time or money on work that would not be useful in any subsequent litigation as [it] has not filed any dispositive motion to date." Pl.'s Opposition at 3. The fact that Viacom has not filed a dispositive motion in the instant case is irrelevant. As found by the court in the *GAF* case, costs incurred due to making court appearances and preparing any work product, "whether it be evidence or motion papers," are the type of costs that may be awarded as a condition of voluntary dismissal. *GAF*, at 369-370. Moreover, contrary to Plaintiff's assertions, Viacom has not merely filed an Answer and a Motion for Protective Order in this matter. In fact, Viacom has also expended its time and resources on filing a report of the Rule 16.3 conference, attending the initial scheduling conference, exchanging correspondence with Plaintiff's counsel regarding the validity of deposition notices, preparing initial disclosures, and researching and writing its Opposition to Plaintiff's Motion to Dismiss Without Prejudice and, now, the instant reply. As a result of this work, Viacom has unnecessarily accrued fees and expenses.

Significantly, all of the costs incurred in defense of Plaintiff's Complaint will be rendered useless by dismissal of this action. In this regard, the facts of the instant case can be distinguished from those in *GAF*, 665 F.2d 364 and *Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985) (another case cited by Plaintiff), where the courts' dismissals did not end the litigation

between the parties.  In both cases, the plaintiffs moved for voluntary dismissal because they

wanted to re-file, or had already re-filed, the same action in a different jurisdiction or venue.

Both courts determined that the defendants' attorneys would probably be able to use much of the

work they had already done in the subsequent identical actions.  *See GAF*, 665 F.2d at 369;

*Cauley*, 754 F.2d at 772-773.  In the instant case, however, Plaintiff has not stated that he plans

to re-file an identical action against Viacom in another jurisdiction or venue.[2]  To the contrary,

Plaintiff has stated that he is "prepared to file suit against BET *exclusively*."  Pl.'s Emergency

Mot. to Dismiss Without Prejudice at ¶ 5 (emphasis added).  Therefore, none of the work that

Viacom's attorneys have done in this case will be useful in the future.  Accordingly, Plaintiff

should be required to pay for the reasonable attorneys' fees and expenses that he needlessly

caused Viacom to incur.[3]

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in Viacom's Memorandum in

Support of its Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs,

Viacom respectfully requests that its Motion be granted and that Plaintiff's Complaint be

dismissed with prejudice and Plaintiff be ordered to pay Viacom's reasonable attorneys fees and

costs.  In the alternative, Viacom requests that any dismissal without prejudice should be

conditioned on Plaintiff's payment of Viacom's reasonable attorneys' fees and costs.

---

[2]    Indeed, for the reasons set forth in Viacom's Memorandum in Support of its Cross Motion and herein, Plaintiff should be precluded from re-filing the instant action against Viacom.  Thus, his Complaint should be dismissed with prejudice.

[3]    Should the Court grant Viacom's motion for attorneys' fees and costs, Viacom respectfully requests 14 days to submit an affidavit setting forth the amount of its fees and costs.

Date:  January 2, 2007                    Respectfully submitted,


                                          _____/s/_____
                                          Grace E. Speights (D.C. Bar No. 392091)
                                          John S. Ferrer (D.C. Bar No. 489679)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue, NW
                                          Washington, DC 20004
                                          202-739-3000
                                          202-739-3001 (facsimile)
                                          *Attorneys for Defendant Viacom Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of January, 2007, a copy of the foregoing Reply to Plaintiff's Opposition to Viacom's Cross Motion to Dismiss With Prejudice and/or for Attorney's Fees was served via the electronic case filing (CM/ECF) system and first-class mail on counsel for Plaintiff as follows:

Jimmy A. Bell, Esq.
The Law Offices of Jimmy A. Bell, P.C.
9601 Marlboro Pike
Upper Marlboro, MD 20772


_____/s/_____
John S. Ferrer