## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDRE COMBO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-0226 (ESH) |
| | ) | |
| VIACOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Andre Combo's emergency motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) and defendant Viacom Inc.'s cross motion to dismiss with prejudice and/or for attorneys' fees and costs.  From the commencement of this action, Viacom informed plaintiff that it was not the proper defendant for purposes of plaintiff's employment discrimination suit, but that its subsidiary, Black Entertainment Television ("BET"), is the only proper defendant.  Plaintiff has nonetheless maintained that Viacom is the proper defendant.  Now, however, at the close of the discovery period, plaintiff states that while he has been diligently attempting to litigate this case against Viacom, he is at this point "willing to pursue" his claim exclusively "against BET . . . in reliance on [d]efendant's claims that it is not the proper party."  (Pl. Opp. at 4.)  Pursuant to Rule 41(a)(2), the Court will grant plaintiff's motion for voluntary dismissal without prejudice, conditioned on plaintiff's payment of defendant's reasonable attorneys' fees and costs.

Rule 41(a)(2) provides for voluntary dismissal of a complaint "at the plaintiff's instance . . . upon order of the court and upon such terms and conditions as the court deems proper." "The purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or

inconvenience that may result from a plaintiff's voluntary dismissal." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981). Courts commonly award attorneys' fees and costs to a defendant as a condition of voluntary dismissal to alleviate the burden on the defendant for being forced to incur unnecessary legal fees in defending the action. *See id.* Nonetheless, plaintiff argues in response that fees and costs should not be awarded because his suit against Viacom was not frivolous, as Viacom may be vicariously liable for the alleged actions of its subsidiary BET. (Pl. Opp. at 4.) However, plaintiff's state of mind in filing suit against Viacom is irrelevant to the question of whether to award attorneys' fees and costs upon his motion to voluntarily dismiss the suit. *See Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988) (remanding case to district court to reconsider its failure to award attorneys' fees as a condition of voluntary dismissal under Rule 41(a)(2), and holding that a plaintiff's "good faith" is "simply irrelevant to an award of attorneys' fees . . . under Rule 41(a)(2)" (quoting *GAF Corp.*, 665 F.2d at 369) (internal quotation marks omitted)). Nor does plaintiff have any basis for arguing that the legal work for which defendant has incurred fees and costs to date should not be reimbursed because it can be used by defendant in subsequent litigation. Indeed, it is apparent from the nature of the legal work that Viacom's counsel has performed to date (*i.e.*, filing an answer, a motion for a protective order, and a Rule 16.3 statement, as well as routine correspondence with plaintiff's counsel) that all of its legal work product will be rendered useless by the dismissal of this action. (*See* Def. Reply at 5.)

As plaintiff seeks to dismiss his complaint, he must accept the terms and conditions imposed by the Court under Rule 41(a)(2). Accordingly, it is hereby **ORDERED** that the plaintiff's Emergency Motion to Dismiss without Prejudice [Dkt. 14] is **GRANTED**, and

defendant's Motion to Dismiss with Prejudice and/or for Attorneys' Fees and Costs [Dkt. 15] is **GRANTED IN PART** and **DENIED IN PART**. The case is **DISMISSED WITHOUT PREJUDICE** on the condition that plaintiff pay reasonable fees and costs incurred by defendant in defending this action up to the date of this Order.

It is **FURTHER ORDERED** that defendant shall file on or before January 22, 2007, an affidavit itemizing its costs and fees, and plaintiff may file his objections on or before February 6, 2007.

It is **FURTHER ORDERED** that defendant's Motion to Stay Discovery [Dkt. 20] is **DENIED AS MOOT**.

And it is **FURTHER ORDERED** that the status conference currently scheduled in this case for January 12, 2007, is hereby **VACATED**.

**SO ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 5, 2007