IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO,<br><br>      Plaintiff,<br><br>v.<br><br>VIACOM INC.,<br><br>      Defendant. | Case No.: 1:06-cv-00226 (ESH) |

### AFFIDAVIT OF JOHN S. FERRER ITEMIZING ATTORNEYS' FEES AND COSTS INCURRED BY DEFENDANT

In accordance with the Court's Order dated January 5, 2007, requiring Plaintiff, pursuant to Rule 41(a)(2), to pay all reasonable attorneys' fees and costs incurred by Defendant, Viacom Inc. ("Viacom"), in defending this action up to the date of the Court's Order, this affidavit is submitted for the purpose of itemizing said fees and costs.

I, John S. Ferrer, hereby state as follows based on my personal knowledge:

1.    I am an associate in the Washington, D.C. office of the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"). I am one of the attorneys representing Viacom in this action.

2.    Viacom engaged the services of Morgan Lewis and agreed to pay all fees and costs incurred for professional legal services necessary to defend this case.

3.    For the period covered by the work in question, Morgan Lewis charged the following hourly rates for its legal services, which it believes are reasonable hourly rates that are well within the market rate for major law firms in Washington, D.C. for attorneys of comparable skill and experience. See *Laffey* Matrix, attached hereto as Exhibit A.

| Name/Position | Hourly Rate |
|---|---|
| Grace E. Speights, Partner | $620 |
| John S. Ferrer, Associate | $325 |
| Ray Donahue, Former Associate | $300 |
| Hana Brilliant, Former Associate | $270 |
| Stephanie L. Hankin, Associate | $250 |

4. Ms. Speights is a 1982 graduate of the George Washington University National Law Center and has been a partner at Morgan Lewis' Washington, D.C. office since 1991. Ms. Speights has substantial experience litigating employment discrimination claims in federal courts nationwide and in the local courts in the District of Columbia.

5. I am a 1996 graduate of the Howard University School of Law and an associate in the Labor and Employment group of Morgan Lewis. Prior to joining Morgan Lewis, I worked at the National Labor Relations Board from 1996-2003, where I litigated numerous unfair labor practice cases.

6. Mr. Donahue is a 2002 graduate of the George Washington University National Law Center and a former associate at Morgan Lewis in the Labor and Employment group.

7. Ms. Brilliant is a 2004 graduate of the George Mason University School of Law and a former associate at Morgan Lewis in the Labor and Employment group. Prior to joining Morgan Lewis, Ms. Brilliant clerked for the Honorable Henry E. Hudson of the United States District Court for the Eastern District of Virginia from 2004-2005.

8. Ms. Hankin is a 2005 graduate of the University of Michigan Law School and an associate in the Labor and Employment group of Morgan Lewis.

9. Morgan Lewis endeavored to staff this matter economically, assigning an associate (Mr. Donahue and, subsequent to Mr. Donahue's departure, the undersigned) to perform the majority of the tasks related to this matter. Partner time (Ms. Speights) has been

charged largely for supervisory tasks. All services performed were necessary and reasonable.

10. For the purpose of preparing this Affidavit, I have reviewed Morgan Lewis's records that form the basis for the Firm's invoices for services rendered in this matter. In particular, I have reviewed the time and other expense charges incurred in connection with Viacom's defense of the instant action. Those records are kept in the normal course of business and include itemized statements of disbursements and descriptions of services rendered, the amount of time spent, and the applicable hourly rates of attorneys and other personnel who perform billable services in connection with this matter.

11. The attorneys' fees incurred by Viacom in defending this action total $34,738.99 (which includes a 15% discount), and are detailed in the statement attached hereto as Exhibit B.

12. The costs incurred by Viacom in defending this action include charges for copying, postage and facsimile, and costs associated with the undersigned's travel to the Court for the initial scheduling conference.

13. In addition, in preparing its Motion for a Protective Order, Opposition to Plaintiff's Motion to Dismiss and Cross Motion to Dismiss With Prejudice and/or for Attorneys' Fees and Costs, and its Reply to Plaintiff's Opposition to Viacom's Cross Motion, Viacom's attorneys used Westlaw and Lexis to assist them in their legal research. The total costs incurred by Viacom in defending this action amounts to $674.47, and are included in Exhibit B.

14. Viacom therefore seeks a total of $35,413.46 ($34,738.99 in fees plus $674.47 in costs).

I declare under penalty of perjury that the foregoing is true and correct as executed on this 22nd day of January, 2007.

_____
John S. Ferrer

DISTRICT OF COLUMBIA

Subscribed and sworn to before me
this 22nd day of January, 2007.

_____
Notary Public

RHONDA D. ROLLERSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 2/14/2010

I declare under penalty of perjury that the foregoing is true and correct as executed on this 22nd day of January, 2007.

_____
John S. Ferrer

DISTRICT OF COLUMBIA

Subscribed and sworn to before me
this 22nd day of January, 2007.

_____
Notary Public

RHONDA D. ROLLERSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 2/14/2010

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of January, 2007, a copy of the foregoing Affidavit of John S. Ferrer Itemizing Attorneys' Fees and Costs Incurred by Defendant was served via the electronic case filing (CM/ECF) system and first-class mail on counsel for Plaintiff as follows:

      Jimmy A. Bell, Esq.
      The Law Offices of Jimmy A. Bell, P.C.
      9601 Marlboro Pike
      Upper Marlboro, MD 20772

      _____
      John S. Ferrer